# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **PRESTON G. DEMOUCHET, JR.** | **CIVIL ACTION NO. SECTION P** |
| **VS.** | **JUDGE MELANÇON** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE METHVIN** |

## ORDER

In 1976, Preston G. Demouchet, Jr., Louisiana Prisoner #89,969, was convicted of armed robbery in the Sixteenth Judicial District Court, St. Mary Parish, and sentenced to serve ninety-nine years at hard labor without benefit of parole. His conviction and sentenced were affirmed on direct appeal to the Louisiana Supreme Court. *State of Louisiana v. Preston Demouchet*, 353 So.2d 1025 (La. 1977). In the following years, petitioner filed numerous applications for post-conviction relief in the Louisiana courts, most of which were ultimately denied by the Louisiana Supreme Court as untimely or repetitive.

Petitioner filed several federal *habeas corpus* petitions in this court attacking that same armed robbery conviction. See *Demouchet v. Warden, Louisiana State Penitentiary*, 6:97-cv- 0003; *Demouchet v. Warden, Louisiana State Penitentiary*, 6:99-cv-1240; *Demouchet v. Warden, Louisiana State Penitentiary*, 6:00-cv-1782. These petitions were dismissed on the merits because the claims were either procedurally defaulted, untimely, or repetitive.

Petitioner filed yet another petition for *habeas corpus* on July 31, 2000.

*Demouchet v. Warden, Louisiana State Penitentiary*, 6:01-cv-0931. On July 12, 2001 that petition was dismissed with prejudice as successive; petitioner was sanctioned and ordered to obtain prior judicial approval for <u>all</u> future *pro se* filings. See *Demouchet v. Warden*, 6:01-cv-0931, at docs. 4 and 6.

Notwithstanding the sanction order, on October 16, 2006 petitioner submitted yet another *pro se habeas corpus* petition attacking the validity of his 1976 armed robbery conviction in the Sixteenth Judicial District. Petitioner did not seek judicial approval before filing his petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file successive petitions for *habeas corpus* relief. See AEDPA, Pub.L. 104-132, 110 Stat. 1214 (1996). A *habeas* petitioner, seeking to file a second or successive petition, must show that the second or successive petition is based on:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2244(b)(2). And, this determination must first be made by a three-judge panel of the appropriate court of appeals before the petitioner is permitted to file his application in the district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing this court to consider this successive application for *habeas* relief.[1] Petitioner cannot circumvent the AEDPA by filing this action in this court. Further, the petitioner has ignored the order of July 12, 2001 which directed him to "... obtain prior judicial approval for all future *pro se* filings..."

A federal court has the authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993). A federal court may levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. See Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir.1993). Sanctions available to the court include monetary penalties and restrictions on the ability to file *in forma pauperis* without leave of court.

Petitioner has been forewarned that his ability to file successive *habeas corpus* petitions would be curtailed should he continue to file such pleadings in this court. [See *Demouchet v. Warden*, 6:00-cv-1782 at docs. 4 and 6.] He failed to heed this warning and as a result he was ordered to seek prior judicial approval for subsequent filings. [*Demouchet v. Warden*, 6:01-cv-0931 at docs. 4 and 6] His contumacious failure to abide

---

[1] Petitioner apparently submitted this *habeas corpus* petition to the Fifth Circuit Court of Appeals sometime prior to September 27, 2006. However, since petitioner submitted his claims in the form of an original petition and since he did not specifically alert the Fifth Circuit to the fact that the petition was successive, the Court returned the pleading to petitioner with instructions to file in the appropriate United States District Court.

by the explicit orders of this court warrants the imposition of additional sanctions.

Therefore,

**IT IS ORDERED THAT** this successive petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED THAT** petitioner be sanctioned the additional sum of $100.00 (One Hundred Dollars) and **BARRED** from filing <u>any</u> *habeas corpus* petitions in this court, either under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, until this sanction is paid;

**IT IS FURTHER ORDERED THAT** the order and judgment of July 12, 2001 in the matter entitled *Preston G. Demouchet, Jr. v. Burl Cain, Warden*, No. 6:01-cv-0931 remain in force so that petitioner **MUST OBTAIN PRIOR JUDICIAL APPROVAL FOR ALL FUTURE *PRO SE* FILINGS.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 24th day of October 2006.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE